UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

BELINDA RYLAND,

    Plaintiff,

  v.                                          Civ. Action No. 06-1648 (KSH)

MARIA ROMAGE

    Defendant.                        **OPINION**

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.    INTRODUCTION**

Plaintiff Belinda Ryland ("Ryland") worked at a KFC restaurant in Irvington, New Jersey and Maria Romage[1] ("Romage") was her manager. Ryland has filed a pro se complaint alleging employment discrimination by Romage in violation of Title VII of the Civil Rights Act of 1964. Ryland, who is African-American, claims that Romage terminated her because of her race.

Romage filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint must be dismissed because Title VII does not provide a basis for individual liability and/or because Romage was not timely served. Ryland did not file any

---

[1] The complaint lists "Maria Roage" as the defendant in this case, but defendant's motion to dismiss names the defendant as "Maria Romage." The Court will assume that Ryland misspelled the defendant's name in the complaint and will utilize the defendant's spelling of her last name throughout this opinion.

opposition. For the reasons expressed below, Romage's motion to dismiss is **granted**, but Ryland is granted leave to file an amended complaint within 20 days.

## II.     STANDARD

Fed. R. Civ. P. 12(b)(6) permits a defendant to file a motion to dismiss for "failure to state a claim upon which relief can be granted." In deciding a motion under this rule, the Court is "required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the [plaintiff]." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002). The issue to be decided "is not whether [plaintiff] will ultimately prevail in a trial on the merits, but whether [she] should be afforded an opportunity to offer evidence in support of [her] claims." Id. Such a motion can only be granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Id.

## III.     DISCUSSION

Romage's first argument is that she cannot be sued under Title VII because the statute does not provide a basis for individual liability. The Third Circuit directly addressed the issue of individual liability under Title VII in Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061 (3d Cir. 1996). In its en banc decision, the court followed "the clear majority of courts of appeals" that have considered the issue and held that "Congress did not intend to hold individual employees liable under Title VII." Id. at 1077-78. In reaching its decision, the Sheridan court relied on the clear language of Title VII, which only provides a remedy for unlawful employment practices committed by "employers." Id. at 1077 (citing 42 U.S.C. § 2000e-2(a). Subsequent Third Circuit opinions have

reiterated this rule.  Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006); Kachmar v. Sungard Data Sys., 109 F.3d 173, 184 (3d Cir. 1997).

The only defendant named in Ryland's complaint is plaintiff's manager, Maria Romage.  A manager is not an "employer" under Title VII, Sheridan, 100 F.3d at 1077-78 (affirming dismissal of Title VII claim against plaintiff's supervisor), so Ryland's complaint fails as a matter of law and must be dismissed.

Second, Romage claims that even if Title VII did provide for individual liability, the case must be dismissed because Ryland failed to timely serve her with a copy of the complaint.  Because the Court finds that the complaint must be dismissed on substantive grounds, the Court need not address this procedural deficiency.

**IV.    CONCLUSION**

For the reasons stated above, defendant's motion is **granted**.  However, because pro se plaintiffs must be given "greater leeway" to cure deficiencies in their pleadings, Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993), Ryland is granted leave to file an amended complaint within 20 days to substitute a proper party in place of Romage.  An appropriate order will be entered.


Dated: March 5, 2007                                              /s/ Katharine S. Hayden
                                                                 Katharine S. Hayden, U.S.D.J.